# WACHTELL, LIPTON, ROSEN & KATZ

MARTIN LIPTON
HERBERT M. WACHTELL
BERNARD W. NUSSBAUM
RICHARD D. KATCHER
ALLAN A. MARTIN
LAWRENCE B. PEDOWITZ
ROBERT B. MAZUR
PAUL VIZCARRONDO, JR.
PETER C. HEIN
HAROLD S. NOVIKOFF
DAVID M. EINHORN
KENNETH B. FORREST
MEYER G. KOPLOW
THEODORE N. MIRVIS
EDWARD D. HERLIHY
DANIEL A. NEFF
ERIC M. ROTH
WARREN R. STERN
ANDREW R. BROWNSTEIN
MICHAEL H. BYOWITZ
PAUL K. ROWE
MARC WOLINSKY
DAVID GRUENSTEIN
PATRICIA A. VLAHAKIS
STEPHEN G. GELLMAN
STEVEN A. ROSENBLUM
PAMELA S. SEYMON
STEPHANIE J. SELIGMAN
ERIC S. ROBINSON
JOHN F. SAVARESE
SCOTT K. CHARLES
ANDREW C. HOUSTON
PHILIP MINDLIN
DAVID S. NEILL
JODI J. SCHWARTZ
ADAM O. EMMERICH
CRAIG M. WASSERMAN
GEORGE T. CONWAY III
RALPH M. LEVENE

RICHARD G. MASON
DOUGLAS K. MAYER
MICHAEL J. SEGAL
DAVID M. SILK
ROBIN PANOVKA
DAVID A. KATZ
ILENE KNABLE GOTTS
DAVIO M. MURPHY
JEFFREY M. WINTHER
TREVOR S. NORWITZ
BEN M. GERMANA
ANDREW J. NUSSBAUM
RACHELLE SILVERBERG
DAVID C. BRYAN
STEVEN A. COHEN
GAVIN D. SOLOTAR
DEBORAH L. PAUL
DAVID C. KARP
RICHARD K. KIM
JOSHUA R. CAMMAKER
MARK GORDON
JOSEPH D. LARSON
LAWRENCE S. MAKOW
JARED M. RUSMAN
JEANNEMARIE O'BRIEN
WAYNE M. CARLIN
JAMES COLE, JR.
STEPHEN R. DIPRIMA
NICHOLAS G. DEMMO
IGOR KIRMAN
JONATHAN M. MOSES
T. EIKO STANGE
DAVID A. SCHWARTZ
JOHN F. LYNCH
WILLIAM SAVITT
ERIC M. ROSOF
MARTIN J.E. ARMS
GREGORY E. OSTLING

51 WEST 52ND STREET

NEW YORK, N.Y. 10019-6150

TELEPHONE: (212) 403-1000
FACSIMILE:  (212) 403-2000

GEORGE A. KATZ (1965-1989)
JAMES H. FOGELSON (1967-1991)

OF COUNSEL

WILLIAM T. ALLEN           LEONARD M. ROSEN
PETER C. CANELLOS          MICHAEL W. SCHWARTZ
THEODORE GEWERTZ           ELLIOTT V. STEIN
KAREN G. KRUEGER           J. BRYAN WHITWORTH
THEODORE A. LEVINE         AMY R. WOLF

COUNSEL

MICHELE J. ALEXANDER       PAULA N. GORDON
DAVID B. ANDERS            NANCY B. GREENBAUM
ADRIENNE ATKINSON          MAURA R. GROSSMAN
ANDREW J.H. CHEUNG         IAN L. LEVIN
DAMIAN G. DIDDEN           ADAM J. SHAPIRO
PAMELA EHRENKRANZ          HOLLY M. STRUTT
ROBERT A. FRIEDMAN

J. AUSTIN LYONS
LORI S. SHERMAN
JONATHAN E. PICKHARDT
NELSON O. FITTS
JEFFREY C. FOURMAUX
JEREMY L. GOLDSTEIN
JOSHUA M. HOLMES
DAVID E. SHAPIRO
ANTE VUCIC
IAN BOCZKO
LAURYN P. GOULDIN
MATTHEW M. GUEST
DAVID E. KAHAN
MARK A. KOENIG
DAVID K. LAM
MICHAEL S. WINOGRAD
KATHRYN GETTLES-ATWA
DANIELLE L. ROSE
BENJAMIN M. ROTH
ANDREW R. SCHWARTZ
DAVID M. ADLERSTEIN
SHIRI BEN-YISHAI
JOSHUA A. FELTMAN
STEPHEN M. FRANCIS
JONATHAN H. GORDON
MARGARET ISA BUTLER
EMIL A. KLEINHAUS
WILLIAM E. SCHEFFER
ADIR G. WALDMAN
AREF H. AMANAT
RONALD C. CHEN
SARAH A. LEWIS
JOSHUA A. NAFTALIS

VINAY SHANDAL
MEREDITH L. TURNER
KARESSA L. CAIN
WILLIAM EDWARDS
JAMES R. GILMARTIN
ADAM M. GOGOLAK
JONATHAN GOLDIN
ROGER J. GRIESMEYER
DANIEL E. HEMLI
GAVIN W. HOLMES
MATTHEW S. LEVINE
GORDON B. MOODIE
JOHN A. NEUMARK
DONGJU SONG
LINDSAY R. SMITH
AMANDA L. STRAUB
BRADLEY R. WILSON
FRANCO CASTELLI
ROSS A. FIELDSTON
SCOTT W. GOLENBOCK
MOEZ M. KABA
CAITH KUSHNER
J. ALEJANDRO LONGORIA
GRAHAM W. MELI
JOSHUA M. MILLER
OPNIR NAVE
GREGORY E. PESSIN
CARRIE M. REILLY
WON S. SHIN
JEFFREY UNGER
MARK F. VEBLEN
IGOR FUKS
BETTY W. GEE
JONATHON R. LA CHAPELLE
BRANDON C. PRICE
ALISON M. ZIESKE

**MEMO ENDORSED**    July 13, 2007

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-20-07

RECEIVED
JUL 16 2007
CHAMBERS OF
P. KEVIN CASTEL
U.S.D.J.

BY HAND DELIVERY

The Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
Room 2260
New York, New York 10007-1312

    Re:  **Sadowsky v. Bank of America Corp.,**
       **07 Civ. 3800 (PKC)**

Dear Judge Castel:

    This joint letter is respectfully submitted by the parties in accordance with the Court's Order Scheduling Initial Pretrial Conference dated May 29, 2007. The initial pretrial conference is scheduled for July 20, 2007, at 12:15 p.m.

    **1.**  **Brief description of the case**

    This action arises out of the circumstances and events that led to the negotiation and execution of a Purchase and Sale Agreement dated April 22, 2007 (the "PSA"), pursuant to which defendant Bank of America Corporation ("Bank of America") agreed to purchase from ABN AMRO Bank N.V. ("ABN Bank") the ABN Bank subsidiary that owns all of the shares of

WACHTELL, LIPTON, ROSEN & KATZ

The Honorable P. Kevin Castel
July 13, 2007
Page 2

Chicago-based LaSalle Bank Corporation ("La Salle") for $21 billion in cash. ABN Bank is a subsidiary of ABN AMRO Holding N.V. ("ABN Holding"), a public company that is incorporated under the laws of the Netherlands. Plaintiffs Carl and Toni Sadowsky, American shareholders of ABN Holding, have brought this suit against Bank of America seeking rescission of the PSA, an injunction against continued legal action by Bank of America seeking specific performance, or damages.

Set forth below is the factual background of the action, as alleged in the complaint. Bank of America does not agree with the complaint's characterization of the facts.

On March 19, 2007, ABN Holding issued a joint press release with Barclays PLC, a multinational bank headquartered in the United Kingdom, that they were engaged in exclusive preliminary talks with regard to a potential merger of the two companies. On April 12, 2007, a consortium of European banks, consisting of The Royal Bank of Scotland Group plc, Fortis N.V., and Banco Santander Central Hispano, S.A. (collectively, the "Consortium"), sent a joint letter to the Chairmen of the Supervisory and Managing Boards of ABN Holding, expressing an interest in acquiring the Company, receipt of which was publicly acknowledged by ABN Holding on April 13, 2007.

On April 23, 2007, ABN Holding publicly announced both the sale of LaSalle to Bank of America and its agreement to merge with Barclays PLC in a stock-for-stock transaction that valued ABN Holding at approximately $88 billion.

On April 25, 2007, the Consortium publicly announced its interest in acquiring ABN Holding at a higher price than Barclays offered. The Consortium's proposal was conditioned on La Salle remaining part of ABN Holding (and not being sold to Bank of America).

On April 26, 2007, a Dutch shareholder group (the "VEB") commenced inquiry proceedings against ABN Holding and ABN Bank in the Enterprise Chamber of the Amsterdam Court of Appeals regarding the "lightning sale" of LaSalle to Bank of America. VEB asserted that: (i) the sale of La Salle to Bank of America was unlawful under Dutch law because it was being used by ABN Holding to impede the Consortium's bid, thereby depriving its shareholders of the option of considering a competitive and higher bid; (ii) Dutch law required that the sale of La Salle be approved by ABN Holding shareholders; and (iii) the "precipitate sale" of LaSalle by ABN Holding is an improper anti-takeover defense. VEB asserted that the LaSalle transaction qualified as an important decision requiring a shareholder vote under Dutch law because: (i) the $21 billion transaction is equal to 66% of ABN Holding's shareholder's equity as of the end of 2006; (ii) LaSalle is ABN Holding's second largest operating unit; (iii) LaSalle is an integral part of ABN Holding's strategy; and (iv) the transaction is directly linked to the Barclays deal, which would sell the entire company.

WACHTELL, LIPTON, ROSEN & KATZ

The Honorable P. Kevin Castel
July 13, 2007
Page 3

On May 3, 2007, the Enterprise Chamber issued a provisional injunction forbidding ABN Holding, for the duration of the inquiry proceedings, from implementing the PSA without the prior approval of ABN Holding shareholders. Bank of America thereafter filed an appeal to the Netherlands Supreme Court arguing that United States law should govern the sale of La Salle, that the sale does not require shareholder approval, and that even if shareholder approval is required, the decision of the Enterprise Chamber wrongly penalized Bank of America for an alleged defect in ABN Holding's internal corporate decision-making processes.

On May 4, 2007, Bank of America filed suit against ABN Bank and ABN Holding in this Court, Bank of America Corp. v. ABN AMRO Bank N.V., 07 Civ. 3578 (PKC), seeking specific enforcement of the PSA and/or damages. Bank of America's complaint alleges that, as a result of the Enterprise Chamber's decision, ABN Bank was in breach of its contractual representations and warranties to Bank of America that it had the authority to enter into the transaction and that no shareholder approval of the transaction was required.

On May 5, 2007, the Consortium made a $24.5 billion bid for LaSalle. One condition of that bid was ABN Holding's settlement of the action brought by Bank of America. On May 7, ABN Holding announced its rejection of the Consortium's bid for LaSalle. Among the reasons cited by ABN Holding was that "no evidence as to the existence of any financing commitments was provided."

On May 14, 2007, upon the order of the Authority for Financial Markets, the Dutch securities regulator, the Consortium published "confidential details" of its proposed bid for ABN Holding. The Consortium noted that its offer was underwritten by Merrill Lynch, and that its proposed offer was not subject to any financing or due diligence condition. The purchase agreement provided by the Consortium to ABN Holding recognizes the requirement that ABN Holding's shareholders approve its terms.

Alleging that they are third party beneficiaries of the PSA, plaintiffs filed their action on May 15, 2007 pleading two claims for relief. Count I seeks rescission and injunctive relief. Claiming that the PSA "sought to avoid Dutch laws requiring a shareholder vote for the sale of such a material part of a business," plaintiffs allege that "[s]ince the PSA was entered into in violation of Dutch law, it should be rescinded if ABN [Holding] shareholders fail to vote in favor of the transaction." Alternatively, plaintiffs seek, in the absence of rescission, an order enjoining Bank of America from continuing its legal action for specific performance of the PSA because Bank of America "knew that its contract to purchase LaSalle was a defensive mechanism designed to foreclose the receipt by ABN [Holding] and its shareholders of bids that would compete with the one made by Barclays" and, thus, is "improper under the unclean hands doctrine and other equitable doctrines."

WACHTELL, LIPTON, ROSEN & KATZ

The Honorable P. Kevin Castel
July 13, 2007
Page 4

Count II of the complaint alleges that Bank of America's commencement of its action against ABN Bank and ABN Holding for specific performance and damages is "in violation of the very PSA it seeks to enforce." Section 7.1(b) of the PSA expressly provides that a condition precedent to the parties' obligations to close the contract is that "no order, injunction, decree or judgment issued by any Governmental Entity or any other legal restraint or prohibition preventing the consummation of the transactions contemplated by the Agreement shall be in effect." Plaintiffs allege that, because the Enterprise Chamber has enjoined the consummation of the sale of LaSalle to Bank of America, Bank of America's actions to enforce the PSA violate the terms of the PSA itself and constitute a breach of contract. Plaintiffs allege that they (and other ABN Holding shareholders) have been damaged by Bank of America's alleged breach of contract in that "[a] higher offer has been made for LaSalle by a competing bidder, but that bid has not been accepted and may be withdrawn due to the specter of the massive damages claim made by Bank of America."

Bank of America has not yet responded to the complaint. In view of the pendency of Bank of America's appeal to the Netherlands Supreme Court, on June 1 the parties stipulated to extend Bank of America's time to move or answer with respect to the complaint until the earliest of: (i) fifteen days after the Netherlands Supreme Court rules on the appeal; (ii) fifteen days after the parties in Bank of America Corp. v. ABN AMRO Bank N.V. make a substantive motion; or (iii) July 31, 2007. The Court "so ordered" the parties' stipulation on June 4.

At approximately 4 a.m. this morning N.Y. time, the Netherlands Supreme Court handed down its ruling on Bank of America's appeal. The Supreme Court quashed the May 3 order of the Enterprise Chamber. In doing so, the Supreme Court stated:

- The Enterprise Chamber's finding that the VEB had not established that the sale of LaSalle involved a co-ordinated maneuver aimed at frustrating the takeover intentions of the Consortium "can only be understood to mean that … no convincing case has been made for the arguments of VEB et al … that the sale of LaSalle should be deemed an unlawful anti-takeover measure (in the form of a 'poison pill')";

- ABN AMRO's managing board (acting with the consent of the supervisory board) was "fully authorized to make that decision [to sell LaSalle to Bank of America] without being required to involve the general meeting of shareholders in that decision-making in advance";

- The PSA was "validly concluded by the managing board of ABN AMRO Bank with Bank of America";

WACHTELL, LIPTON, ROSEN & KATZ

The Honorable P. Kevin Castel
July 13, 2007
Page 5

- Even if shareholder approval were required under Dutch law, "this has no consequences for the validity of the transaction" because "any failure in the [internal ABN AMRO] decision-making related to the LaSalle transaction has no external effect"; and

- Consequently, the injunction sought by the VEB was "not justified vis-à-vis either Bank of America or Barclays."

### 2. **Contemplated motions**

Bank of America intends to move to dismiss the complaint on several grounds. First, plaintiffs lack standing to sue Bank of America. Plaintiffs allege that they are third party beneficiaries of the PSA, but the contract expressly provides (in § 10.9) that, with a single exception not relevant here, it "is not intended to confer upon any person other than the parties hereto any rights or remedies hereunder." This language bars plaintiffs' claim that they are third-party beneficiaries of the PSA. See Consolidated Edison, Inc. v. Northeast Utilities, 426 F.3d 524, 528 (2d Cir. 2005) (shareholders denied right to sue as third-party beneficiaries of merger agreement where agreement stated it was "not intended to confer upon any person other than the parties any rights or remedies"). Furthermore, the applicable law does not give minority shareholders of a Dutch corporation standing to sue third parties with whom the corporation has entered into a contract. Second, plaintiffs have failed to name ABN Bank as a defendant and, as a party to the PSA, ABN Bank is an indispensable party to plaintiffs' claim for rescission. See, e.g., Richardson Lace Works, Inc. v. Epstein, 31 F.R.D. 150, 153 (S.D.N.Y. 1962) ("The law of New York on this point is well established that where rescission of a contract would materially affect the rights of some persons under an agreement, such persons are indispensable parties."). Third, Count II of the complaint fails to state a claim for relief. As the complaint itself concedes, Section 7.1(b) of the PSA is a condition precedent, not a promise, and thus cannot give rise to a claim that Bank of America has breached the contract. Merritt Hill Vineyards, Inc. v. Windy Heights Vineyards, Inc., 61 N.Y.2d 106, 112, 472 N.Y.S.2d 592, 596-97 (1984) (failure to satisfy a condition "is not, without an independent promise to perform the condition, a breach of contract subjecting the nonfulfilling party to liability for damages"). Based on its review of the Supreme Court's decision, Bank of America will likely conclude that there are additional bases for its motion to dismiss.

Since the decision of the Netherlands Supreme Court was only rendered this morning, plaintiffs have not had an opportunity to review and analyze the decision. After a review and analysis of the Supreme Court's decision, plaintiffs will consider their alternatives, including, but not limited to, amending their complaint.

WACHTELL, LIPTON, ROSEN & KATZ

The Honorable P. Kevin Castel
July 13, 2007
Page 6

### 3. The prospect for settlement

Bank of America does not believe that there is any prospect for settlement of this action.

Respectfully yours,

*David C. Katz*            *Eric M. Roth*

David C. Katz             Eric M. Roth
WEISS & LURIE           WACHTELL, LIPTON, ROSEN & KATZ

Counsel for Plaintiffs         Counsel for Bank of America

Next conference Friday October 12, at 2 pm. Time to answer or move adjourned until 10 days after next conference. All discovery (except as informal consensual exchange) is stayed.

SO ORDERED.

/s/ PKC, USDJ
7-20-07